**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**WILLIAM J. MOORE,**

    Petitioner,                              **CASE NO. 2:09-CV-222**
                                                **JUDGE MARBLEY**
v.                                       **MAGISTRATE JUDGE E.A. PRESTON DEAVERS**

**ROBIN KNAB, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the instant petition, Respondent's return of writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant's granddaughter had informed her parents that, while she was sleeping at appellant's house, appellant touched her on her private parts, under her underwear. During the ensuing investigation, appellant initially stated that if he did touch his granddaughter inappropriately, it was an accident. Subsequently, appellant told detectives he had touched his granddaughter, but stated that she was "sending him mixed signals" and "flirted" with him. Initially, appellant was indicted by the grand jury on three counts of gross sexual imposition in violation of R.C. 2907.05, each a third-degree felony.
>
> Ultimately, appellant entered into a plea agreement whereby he agreed to plead guilty to two of the three counts. The trial court held a sentencing hearing, and sentenced appellant to the maximum term of five years on each of the two counts, with the sentences to be served consecutively. The trial court also adjudicated appellant a

      sexual predator.

*State v. Moore*, No. 07AP-309, 2007 WL 3148778 (Ohio App. 10th Dist. Oct. 30, 2007). Petitioner filed a timely appeal, in which he asserted the following sole assignment of error:

> The trial court abused its discretion when it sentenced appellant to maximum consecutive sentences without considering all statutory factors.

*Id.* at *1. On October 30, 2007, the state appellate court affirmed the trial court's judgment. *Id*. On March 12, 2008, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *State v. Moore*, 117 Ohio St.3d 1426 (2008).

      On March 29, 2009, represented by counsel, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following single ground:

> The trial court used judicial fact finding when it sentenced Mr. Moore.

Petitioner indicates that the following facts support his claim:

> The trial court commented that it was uncertain what effect the crimes might have on the victim.

In other words, Petitioner contends that the sentencing judge speculated that the victim would suffer serious harm in the future, and that this fact, which a jury had not found, influenced his decision and increased his sentence.

      It is the position of the Respondent that Petitioner waived this claim, and that the claim is without merit.

### FAIR PRESENTMENT

      In order to exhaust available state remedies, a petitioner must first fairly present the

substance of his or her federal habeas corpus claims to the state courts. *Picard v. Connor,* 404 U.S. 270, 275 (1971); *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir. 1986). A petitioner does not fairly present his or her claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir.1983)(citing *Harless,* 459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993)(citing *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir.1987)). Courts normally require more than a single broad generalization that a petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir. 1984). A petitioner, however, need not "cite book and verse on the federal constitution." *Picard,* 404 U.S. at 277 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1960)). The Sixth Circuit has strictly followed the requirement that a petitioner fairly presented his or her federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz,* 888 F.2d 1097, 1098 (6th Cir.1989).

 Petitioner asserts that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), and that the trial court unconstitutionally sentenced him to a disproportionately greater sentence than other criminal defendants sentenced for similar offenses. Petitioner failed to present either of the foregoing claims to the state appellate court. On direct appeal, he argued solely that the trial court had abused its discretion in sentencing him by failing to comply with Ohio law and sentencing

3

statutes. *See Exhibit 5 to Return of Writ*. Further, Petitioner has failed to establish cause and prejudice for this failure. He therefore has waived his claim for federal habeas corpus review.[1]

To the extent that Petitioner asserts that the trial court sentenced him disproportionately to other similar cases in the state, in contravention of Ohio's sentencing statutes, this claim presents an issue of state law that is not appropriate for federal habeas corpus review. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders,* 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris,* 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright,* 748 F.2d 1431, 1433 (11th Cir. 1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir. 1988). Such are not the circumstances here.

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

---

[1] Although Petitioner did attempt to raise the same arguments he presents in this federal habeas corpus proceeding in his appeal to the Ohio Supreme Court, *see Exhibit 9 to Return of Writ,* he did not thereby preserve these claims for federal habeas review, as the Ohio Supreme Court will not ordinarily consider claims that were not first raised in the appellate court below. *See Mitts v. Bagley,* 2005 WL 2416929 (N.D. Ohio Sept. 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio) (citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n.7 (6th Cir. 1982) (citing *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)). Thus, although he raised the claim in a brief, he did not fairly present it in the state courts so as to preserve it for habeas review.

## PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

                                                   s/ *Elizabeth A. Preston Deavers*
                                                   Elizabeth A. Preston Deavers
                                                   United States Magistrate Judge

Date: January 11, 2011